## IN THE UNITED STATES DISTRICT COURT, FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| BELINDA BUCHMAN, an individual, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>Bray & Lunsford, P.A.<br><br>    Defendant | § § § § § § § § § § § § |  Case No. 8:07-cv-01752-T-24-MSS |

## ORDER CONDITIONALLY CERTIFYING CLASS AND GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND INJUNCTIVE RELIEF

This cause comes before the Court on the joint motion of Plaintiff and Defendant for preliminary approval of a Class Action Settlement Agreement. (Doc. No. 40). Movants appeared through their respective attorneys of record. Pursuant to Fed. R. Civ. P. 23(e), the parties have submitted a proposed Settlement Agreement to the Court for preliminary approval, which proposed Settlement Agreement has been filed in the papers in this cause. The parties have requested approval of: (i) the form of notice to the class; (ii) the proposed class certification for settlement purposes only; and (iii) the terms of the proposed Settlement Agreement.

The Court held a hearing on this motion on April 29, 2008. After consideration of the evidence, the papers filed in the above-referenced cause and the argument of counsel, the Court has made a preliminary determination that: (i) the proposed settlement class is potentially certifiable under Fed. R. Civ. P. 23; and (ii) the proposed settlement of the claims of the class against Defendant appears to be fair, adequate, and reasonable, and therefore, within the range of approval.

The Court further finds that in light of the size of the class, the limitations on Defendant's liability set forth in 15 U.S.C. § 1692k and F.S. § 559.77(2), the fact that even the maximum statutory penalty would generate less than one cent per class member, publication notice is an appropriate method of giving notice to the Class of the terms of the settlement and their right to object. The Court also finds that the class is certifiable under Fed. R. Civ. P. 23b(2) and injunctive relief, as agreed by the parties, is appropriate under F.S. § 559.77(2) which allows for equitable relief.

The Court also finds that the proposed form of notice is adequate and will give all Class Members sufficient information to enable them to make intelligent decisions as to whether to remain Class Members, object to the proposed settlement and its terms, or opt-out of the class settlement.

**IT IS THEREFORE, ORDERED THAT:**

1. Pursuant to Fed. R. Civ. P. 23(e), a class is conditionally certified for settlement purposes only, under Fed. R. Civ. P. 23 as: all individuals in the State of Florida who during the Class Period:

   a.   received a telephone voice message from the Defendant;

   b.   in which Defendant failed to provide the disclosures required by 15 U.S.C. §§ 1692(d)(6) and/or 1692e(11).

The Class Period runs from September 20, 2006, through the date of this order.

2.   The Court will hold a hearing, pursuant to Rule 23(c) and (e) at the time and place indicated below for the purpose of determining: (i) whether the conditionally certified settlement class meets the requirements for class certification under Rule 23; (ii) whether the proposed settlement is fair, reasonable and adequate, and should, therefore, be approved; (iii) the amount of attorneys' fees and expenses that should be awarded to Class Counsel; and (iv) the award to the Class Representative.

3.   The Fairness Hearing will be held on **September 26, 2008**, at 9:00 a.m., before the Honorable Susan C. Bucklew, United States District Judge, at:

> United States District Court for the Middle District of Florida
> Courtroom 14A
> Sam M. Gibbons United States Courthouse

        801 North Florida Avenue
        Tampa, FL 33602

4. Plaintiff is appointed as the Class Representatives for the settlement class, and the following attorneys are appointed as Class Counsel:

        Robert E. Schroth Jr.
        Schroth & Schroth
        2044 First Avenue, Suite 200
        San Diego, CA 92101-2079
        Telephone: (619) 233-7521

5. Class Notice, which is attached hereto, shall be given by Defendant or its designated claim administrator to the settlement class by causing the notice to be published in two (2) regional USA Today newspapers which are newspapers with state-wide distribution in the State of Florida. Such publication shall take place no later than 30 days from entry of this Order.

6. No member of the Class, or any other person, shall be heard at the Fairness Hearing in opposition to class certification, class settlement, Class Counsel's proposed attorneys' fees and expenses or the proposed Class Representative's award unless by not later than 5:00 p.m. on **September 5, 2008**, such Class Member or other person files with the Clerk of the Court and serves upon counsel listed below an objection containing, at a minimum, the following information: (i) a

statement of each objection being made, which shall contain a detailed description of the facts underlying each objection and a detailed description of the legal authorities underlying such objection; (ii) a statement that the objector intends to appear at the Fairness Hearing; and (iii) a list of the exhibits which the objector may offer at the Fairness Hearing, along with copies of all such exhibits.

7. Class Members, or any other persons objecting to the proposed settlement, shall file any such notices and objections with the Court and serve their notice of objections upon Class Counsel and counsel for Defendant by no later than **September 5, 2008**. Class Members, or any other person, who fail to properly or timely file their notices and objections with the Court, or fail to timely serve such notices and objections on Class Counsel and Counsel for Defendant, shall not be heard during the Fairness Hearing and the Court will not consider their objections. Any notice required by this paragraph shall be served on Class Counsel and Counsel for Defendant by U.S. mail, hand-delivery, or other verifiable means. No objection shall be heard by the Court which does not comply with these requirements, which is not timely filed with the Court, or which is not timely served on counsel listed below.

8. Opt-outs shall send a written request for exclusion to the Clerk, Class Counsel, and Counsel for Defendant with a post mark date no later than **September 5, 2008**. To be effective, the written request for

opt-out must be signed by you and must set forth your full name, address, and telephone number, along with a statement that you wish to be excluded.  If you submit a valid and timely request for exclusion, you shall be excluded from the proposed settlement, you will not be bound by the terms of the Agreement or final judgment, and you will not be precluded from filing or prosecuting an individual claim you may otherwise have against any of the Released Parties relating to the Released Claims.

You must mail your opt-out to the following addresses:

Sheryl Loesch
Clerk of the United States District Court For the Middle District of Florida
Sam M. Gibbons United States Courthouse
801 North Florida Ave.
Tampa, FL 33602


*and*


| | |
|---|---|
| Robert E. Schroth Jr. | Barbara A. Sinsley |
| Schroth & Schroth | Barron, Newburger, Sinsley & |
| 2044 First Avenue, Suite 200 | Wier, PLLC |
| San Diego, CA 92101-2079 | 205 Crystal Grove Blvd., #102 |
| Telephone: (619) 233-7521 | Lutz, FL 33548 |
| Facsimile:  619-233-4516 | Facsimile: (813) 949-6163 |
| CLASS COUNSEL | ATTORNEY FOR DEFENDANT |

9. Until the Fairness Hearing described above, or further order of this Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against

Defendant or any of its officers, directors, shareholders, or employees arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case, such as Defendant's use telephone voice messages that do not include the disclosures required by 15 U.S.C. §§ 1692d(6) and/or 1692e(11).

10. Defendant is preliminarily enjoined from intentionally leaving messages for consumers in the State of Florida which fail to give meaningful disclosure of the Defendant's identity as required by 15 U.S.C. § 1692d(6) and F.S. § 559.72(7) and which also fail to provide the disclosures required by 15 U.S.C. 1692e(11).

11. This Order shall not be construed or deemed to be a finding of this Court or evidence of a presumption, implication, concession, or admission by Defendant concerning (1) any alleged liability, fault, or wrongdoing by Defendant; (2) the appropriateness of any measure of alleged loss or damages; or (3) the appropriateness of class certification for any purposes other than Settlement. If the Settlement Agreement is terminated pursuant to its terms, or if the Settlement is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.

**DONE** and **ORDERED** at Tampa, Florida, 30th day of April, 2008.

copies to:
Counsel of Record

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge