**IN THE UNITED STATES DISTRICT COURT,
FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION**

| | |
|---|---|
| BELINDA BUCHMAN, an individual, on behalf of herself and all others similarly situated,<br><br>                        Plaintiffs,<br><br>  vs.<br><br>BRAY & LUNSFORD, P.A., a Florida corporation; *et al.*,<br><br>                        Defendants. | CASE NO.:  8:07cv01752-SCB-MSS |

**UNOPPOSED MOTION FOR CLASS REPRESENTATIVE'S AWARD
AND ATTORNEY FEES & COSTS**

Plaintiff BELINDA BUCHMAN ("Plaintiff" or "BUCHMAN"), by and through her undersigned attorneys, and pursuant to Rule 54 of the Federal Rules of Civil Procedure, respectfully moves this Court for entry of an order taxing costs and attorney's fees against Defendant, BRAY & LUNSFORD, P.A. ("B&L"), and in support thereof would show as follows:

**A.**     **The Parties Agree that the Proposed Award to the Class Representative is Reasonable**

Pursuant to the Class Settlement Agreement, the Parties agreed that, "Defendant will also pay Plaintiff for her individual claim for statutory damages the total amount of $2,500.00 as provided for in 15 U.S.C. § 1692k and F.S. § 559.77(2) and in consideration of Plaintiff's service to the Class." [Doc. 40-2, ¶6.B].

The federal Fair Debt Collection Practices Act ("FDCPA") permits successful litigants to recover up to $1,000.00 in statutory damages. 15 U.S.C. § 1692k(a)(2)(A).

Similarly, the Florida Consumer Collection Practices Act ("FCCPA") permits successful litigants to recover up to $1,000.00 in statutory damages.

On October 27, 2007, the Defendant made an *individual* Offer of Judgment to Plaintiff, pursuant to Fed. R. Civ. P. 68, in the amount of $2,500.00. Plaintiff declined the Defendant's Offer of Judgment in an effort to vindicate the rights of the class of consumers she sought to represent by way of her complaint. [Doc. 12]. In doing so, Plaintiff forwent a certain recovery of damages -- in excess of the statutory amounts -- and has successfully litigated this lawsuit for an entire year. In short, Plaintiff should be rewarded for her diligence and loyalty to the class members and, at a minimum, is entitled to recover the same amount ($2,500.00) that the Defendant offered her individually at the outset of this lawsuit.

**B.    The Parties Have Agreed Upon Payment of Class Counsel's Attorney Fees, Costs, and Expenses**

Pursuant to the Class Settlement Agreement, the Parties agreed that, "Defendant shall bear the costs of class administration, and (subject to approval of the Court) pay the reasonable attorney's fees and expenses of Plaintiffs' attorneys in the amount of $20,000.00." [Doc. 40-2, ¶6.C].

On April 30, 2008, the Court entered its Order Conditionally Certifying Class and Granting Preliminary Approval of Settlement and Injunctive Relief. [Doc. 46]. In its Order, the Court preliminarily found, *inter alia*, that the Class Settlement Agreement: (1) "is potentially certifiable under Fed. R. Civ. P. 23;" and (2) the proposed settlement of the claims of the class against Defendant appears to be fair, adequate, and reasonable, and therefore, within the range of approval." [Doc. 46, pg. 2]. The Court further held that "the proposed form of notice is adequate and will give all Class Members sufficient information

to enable them to make intelligent decisions as to whether to remain Class Members, object to the proposed settlement and its terms, or opt-out of the class settlement." *Id*.

To date, there have been no objections to the Class Settlement Agreement or the proposed amount of attorney's fees and costs sought therein. [Schroth Decl., ¶17]. Nor has any class member opted out of the settlement. *Id.* Of the persons who contacted Class Counsel, none objected to, or expressed dissatisfaction with, the Class Settlement. *Id*.

The United States Supreme Court has encouraged a consensual resolution of attorney's fees as the ideal toward which litigants should strive. In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the United States Supreme Court said: "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Id.* at 437. *Accord In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 568-70 (7th Cir. 1992) (market factors, best known by the negotiating parties themselves, should determine the quantum of attorneys' fees). It is widely recognized that fee agreements between plaintiffs and defendants are urged. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 720 (5th Cir. 1974) ("In cases of this kind, we encourage counsel on both sides to utilize their best efforts to understandingly, sympathetically, and professionally arrive at a settlement as to attorney's fees.").

Given the reliance of our legal system on private litigants to enforce substantive provisions of law through class actions, attorneys providing the essential enforcement services must be provided incentives comparable to those negotiated in the private bargaining that takes place in the legal marketplace, as it would otherwise be economical for defendants to practice injurious behavior. *See, Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326 (1980). It has therefore been urged (most persistently by Judge Richard Posner of the

Seventh Circuit) that in defining a "reasonable fee" in such representative actions, the law should "mimic the market." *See e.g., Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998).

C. **Plaintiffs' Reasonable Attorney Fees, Costs, and Expenses are Based Upon a Lodestar Calculation**

The FDCPA requires a debt collector to pay the costs and reasonable attorney's fees of a successful consumer litigant. Any debt collector who fails to comply with any provision of 15 U.S.C. §§ 1692, *et seq.* with respect to any person is liable to such person in an amount equal to the sum of--

> in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a)(3). Likewise, the FCCPA also requires a debt collector to pay the costs and reasonable attorney's fees of a successful consumer litigant. Fla. Stat. § 559.77(2).

The U.S. Supreme Court has established a guideline for determining the amount of a reasonable fee:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Eleventh Circuit applies the *Hensley* formula, commonly referred to as the "lodestar." *See*, *Ass'n of Disabled Am. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006), (citing *Hensley v. Eckerhart*, *supra* at 433-34).

Here, the Court need not speculate what the market price would be or what fee might have been negotiated by Plaintiffs and members of the class. Consistent with the foregoing

precedents, the parties negotiated the fees, costs, and expenses that B&L would pay to Class Counsel for their work on behalf of Plaintiff and members of the class.

As set forth in Class Counsel's declaration, the negotiated fees and expenses are well-below the lodestar amounts requested. [Schroth Decl., ¶¶18-20]. The result is an amount that reflects a negotiated compromise reached through arm's-length and intensive bargaining by informed parties. Indeed, it was long after litigation had commenced that the parties negotiated the terms and provisions of the class settlement, and only after that was the issue of attorney's fees, costs, and expenses addressed. [Schroth Decl., ¶16].

Additionally, the negotiated attorney's fees and costs payable by B&L does not reduce the amount of the settlement fund. Nor does the negotiated attorney's fees and costs reduce the benefits to the class in any way. Importantly, B&L is represented by highly skilled lawyers, and does not need (and has not sought) protection from the Court for the results of their own negotiations regarding the amount of the fees and expenses they have agreed to pay Class Counsel.

Consequently, the Court should approve the $20,000.00 for attorney's fees, costs, and expenses, which are sought by Class Counsel, and which were agreed to by the Defendant.

D. **Under the Lodestar Standard, Class Counsel are Entitled to Full Compensation for Their Work in This Litigation**

"In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases....Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Tolentino v. Friedman*, 46 F.3d 645, 652-653 (7th Cir. 1995).

## *Conclusion*

In light of the foregoing, Plaintiff respectfully requests that the Court grant her Unopposed Motion for an Award of Attorney's Fees and Costs and Proposed Class Representative Award.

DATED: September 18, 2008

> Respectfully submitted,
>
> */s/ Robert E. Schroth Jr.*
> Robert E. Schroth, Jr. (CBN: 212936)
> SCHROTH & SCHROTH
> 2044 First Avenue, Suite 200
> San Diego, CA 92101-2079
> Telephone: (619) 233-7521
> Facsimile:  (619) 233-4516
> E-Mail:  robschrothesq@sbcglobal.net
> *Attorneys for Plaintiff, Belinda Buchman, and*
> *all others similarly situated*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/EFC or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

This the 18th day of September, 2008.

*/s/ Robert E. Schroth Jr.*
Robert E. Schroth, Jr. (CBN: 212936)
SCHROTH & SCHROTH
2044 First Avenue, Suite 200
San Diego, CA 92101-2079
Telephone: (619) 233-7521
Facsimile: (619) 233-4516
E-Mail: robschrothesq@sbcglobal.net
*Attorneys for Plaintiff, Belinda Buchman, and all others similarly situated*

**Served On:**

Barbara A. Sinsley
Barron, Newburger, Sinsley & Wier, PLLC
2901 West Busch Blvd., Suite 703
Tampa, Florida 33618
Email: bsinsley@bnswlaw.com
*Attorneys for Defendant, Bray & Lunsford, P.A.*