**IN THE UNITED STATES DISTRICT COURT,
FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION**

| | |
|---|---|
| BELINDA BUCHMAN, an individual, on behalf of herself and all others similarly situated,<br><br>                              Plaintiffs,<br><br>    vs.<br><br>BRAY & LUNSFORD, P.A., a Florida corporation; *et al.*,<br><br>                              Defendants. | CASE NO.:  8:07-cv-01752-24-MSS |

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND PAYMENT OF ATTORNEYS' FEES TO CLASS COUNSEL AND
<u>CLASS REPRESENTATIVE'S AWARD</u>**

This case has come before the Court for final approval of the Class Action Settlement Agreement and for dismissal of this action pursuant to the terms of the Amended Class Action Settlement Agreement, due notice to the Class having been given pursuant to the Court's order of April 30, 2008 [Doc. 46].

The parties appeared through their respective attorneys of record and announced ready to proceed, and the Court conducted a final fairness hearing on the proposed class settlement as contemplated by Fed. R. Civ. P. 23.

**THE COURT HEREBY FINDS THAT:**

      1.    The parties entered into an Amended Class Action Settlement Agreement ("Amended Settlement Agreement") dated as of April 16, 2008 [Doc. 40-4].

2. Within ten days of filing the proposed Amended Settlement Agreement with the Clerk of the Court, Defendant complied with the requirements of 28 U.S.C. § 1715.

3. By Order dated April 30, 2008 [Doc. 46], the Amended Settlement Agreement was preliminarily approved by the Court, pursuant to Fed. R. Civ. P. 23, and this Court certified the settlement class, consisting of all individuals in the State of Florida who during the period from September 20, 2006 through April 30, 2008:

    a. received a telephone voice message from Defendant;

    b. in which Defendant failed to provide the disclosure as required by 15 U.S.C. 1692(d)(6) and or 15 U.S.C. 1692(e)(11).

2. The Amended Complaint in this action alleges that Defendant violated the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act. Defendant denies Plaintiff's allegations and asserts, *inter alia*, that its conduct was not in violation of either Act. The Amended Settlement Agreement does not constitute an admission of liability by Defendant and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

3. On April 30, 2008, after consideration of the evidence, the papers filed in the above-referenced cause and the argument of counsel, the Court made a preliminary determination that: (i) the proposed settlement class was potentially certifiable under Fed. R. Civ. P. 23(b)(2) and 23(b)(3); and (ii) the proposed settlement of the claims of the class against Defendant appeared to be fair, adequate, and reasonable, and therefore, within the range of approval. [Doc. 46].

4. The Class Notice that was approved by the Court and published by Defendant gave fair, adequate, and reasonable notice to the members of the Class of the nature of this action, the potential liability of Defendant, Defendant's defenses, the terms of the settlement, the proposed compensation to the Class Members, the proposed compensation to the Class Representatives, the proposed payment to Class Counsel, and the method by which they could object to the Settlement. [Docs. 40, 40-1].

5. Pursuant to the provisions of the Amended Settlement Agreement and the preliminary approval order, the Class Notice was published in published in the North Central Florida and South Florida regional editions of *USA Today* newspapers on May 7, 2008. [Docs. 51-2; 51-3]

6. No objections were received and no members of the Settlement Class sought leave of this Court to intervene. [Doc. 48].

7. The procedures set forth in the Settlement Agreement and the preliminary approval order for objecting are fair, adequate, and reasonable.

8. The Amended Settlement Agreement is fair, reasonable, and adequate and meets the requirements of Fed. R. Civ. P. 23.

9. The Amended Settlement Agreement calls for Defendant to provide the following relief to Plaintiff and the Class:

    A. Defendant shall pay to Bay Area Legal Services as a *cy pres* distribution on behalf of the Class the total sum of $5,000.00.

   B. That injunctive relief under Fed. R. Civ. 23(b)(2) does allow by Fla. Stat. § 559.77(2) by enjoining Defendant from leaving messages for consumers in the State of Florida. Defendant is preliminarily enjoined from intentionally leaving messages for consumers in the State of Florida which fail to give meaningful disclosure of the Defendant's identity as required by 15 U.S.C. § 1692(d)(6) and Fla. Stat. § 559.72(7), and which also fail to provide the disclosure required by 15 U.S.C. § 1692(e)(11).

   C. Defendant will also pay Plaintiff for her individual claim for statutory damages the total amount of $2,500.00, as provided for in 15 U.S.C. § 1692k.

   D. Defendant is also required to bear the costs of class administration, and to pay the reasonable attorney's fees and expenses to Plaintiff's attorney the total amount of $20,000.00.

5. The Amended Settlement Agreement is hereby granted final approval.

6. Defendant shall pay the $2,500.00 to Plaintiff and the $5,000.00 *cy pres* payment within thirty days of the date that this order becomes final.

7. The Court finds that Class Counsel has secured such payments for the benefit of the Class, and that they should be compensated for their reasonable and necessary attorney's fees and expenses in this case in the amount of $20,000.00, which is to be paid by Defendant in addition to the compensation to Plaintiff and the

Class.  Such fees and expenses are to be paid within thirty days of the date that this order becomes final.

    8.    The Court finds the settlement to be fair, adequate and reasonable based upon the limitations on class liability created by 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2) and the fact that there has been no admission of wrongdoing, and Defendant have not been found to have acted unlawfully.  Furthermore, the complete lack of any objections by class members is further evidence of the fairness, reasonableness, and adequacy of the settlement.

    9.    The Court finds the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Amended Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class.

    10.    As to any Class Members who are or were involved in bankruptcy proceedings, whose causes of action might otherwise be considered property of the estate as that term is defined by 11 U.S.C. § 541(a), it appears to the Court that: (i) it would have been unlikely that said Members would have been aware of the technical statutory claims of said causes of action; and (ii) the potential recovery on said claims as well as the disputed nature of same would have resulted in the abandonment of same.  The Court therefore concludes that the claims, if any, belong to the Class Members, that they were the proper parties for notice, and that all such persons are also bound by this final judgment.

**IT IS THEREFORE, ORDERED THAT:**

i. The Amended Settlement Agreement dated April 26, 2008, is hereby finally approved.

ii. For Belinda Buchman, her heirs, executors, administrators, successors, assigns, and attorneys, the Court hereby releases, acquits, and forever discharges Bray & Lunsford, P.C. and all of its principals, members, corporate parents, corporate subsidiaries, and affiliate entities, partners, officers, directors, shareholders, managers, employees, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys from any and all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever that Belinda Buchman may have against them as of the date of this order, it being the Court's intent to release all claims of any kind or nature, known or unknown, rising pursuant to contract, tort, common law, or regulation, that Belinda Buchman may have against the parties herein released.  Furthermore, all claims, rights, and causes of action that Defendant may have against Belinda Buchman in her individual capacity are hereby released and forever discharged.

iii. For the Class, and the Class Members' respective heirs, executors, administrators, successors, assigns, and attorneys, the Court hereby releases, acquits, and forever discharges Bray & Lunsford, P.C.  and all of its principals, members, corporate parents, corporate subsidiaries, and affiliate entities, partners, officers, directors, shareholders, managers, employees, agents, representatives, successors, assigns, insurance carriers, clients, and attorneys from any and all claims, actions,

causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever, which now exist or which may hereafter accrue on or before the last day of the opt-out period relating to or arising out of any alleged violations of 15 U.S.C. § 1692e(11) and Florida Statute § 559.55 *et. seq.*

    iv. Plaintiff and the Class are forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court or arbitration forum, against the parties released above, any causes of action, suits, claims or demands, whatsoever, in law or in equity, known or unknown at this time, which Plaintiff and the Class now have, ever had, or hereafter may have arising out of or relating to the released claims. Defendant hereby agrees that it shall be barred identically from pursuing any claims for relief under 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 558.77(2) against Plaintiff or against any member of the Class arising out of the filing of this action.

    v. The underlying debts that Defendant was attempting to collect, via the letters at issue, are in no way affected by this judgment, and nothing contained herein or in the Amended Settlement Agreement shall prevent Defendant or its successors in interest from continuing to attempt to collect the debts allegedly owed by the Class Members.

    vi. Defendant shall distribute the settlement funds as described above.

    vii. This Court reserves jurisdiction for five years over all matters arising out of the Amended Settlement Agreement.

viii.     All claims for contribution, indemnification or reimbursement, however denominated, against Defendant arising under state or federal law, including those based in tort, contract or statute or any other body of law, in favor of persons, including any non-released persons who are asserted to be or who may be joint tortfeasors or wrongdoers with Defendant are hereby extinguished, discharged, satisfied, barred, and enjoined.

ix. Except for the relief granted in this judgment, all remaining claims of the parties are hereby dismissed with prejudice and with the parties each to bear their own costs.

x.  This order resolves all claims against all parties in this action and is a final order.  The Clerk is directed to close this case.

**DONE AND ORDERED** this 26th day of September, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record